**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**LITTLE ROCK DIVISION**

ERIC C. BURGIE                                                                        PLAINTIFF
ADC #120956

V.                                          NO: 4:14CV00181 KBG/HDY

DUSTIN MCDANIEL *et al.*                                                    DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge
Kristine G. Baker.  Any party may serve and file written objections to this recommendation.
Objections should be specific and should include the factual or legal basis for the objection.  If the
objection is to a factual finding, specifically identify that finding and the evidence that supports your
objection.  An original and one copy of your objections must be received in the office of the United
States District Court Clerk no later than fourteen (14) days from the date of the findings and
recommendations.  The copy will be furnished to the opposing party.  Failure to file timely
objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or
additional evidence, and to have a hearing for this purpose before the District Judge, you must, at
the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District
        Judge (if such a hearing is granted) was not offered at the
        hearing before the Magistrate Judge.

1

3.     The detail of any testimony desired to be introduced at the
hearing before the District Judge in the form of an offer of
proof, and a copy, or the original, of any documentary or
other non-testimonial evidence desired to be introduced at
the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary

hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

**DISPOSITION**

Plaintiff Eric C. Burgie, an inmate who is currently incarcerated at the Varner Unit of the

Arkansas Department of Correction ("ADC"), filed a *pro se* complaint, pursuant to 42 U.S.C. §

1983, on March 21, 2014. Defendants are Arkansas Attorney General Dustin McDaniel and

Assistant Attorney General Christian Harris.

**I. Screening**

Before docketing the complaint, or as soon thereafter as practicable, the Court must review

the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or

malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief

against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. Fed.R.Civ.P. 8(a)(2)

requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."

In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (overruling *Conley v. Gibson*,

355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be

2

granted), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004).  A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 570.  However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## II.  Analysis

According to Plaintiff, he filed a state habeas corpus petition in August of 2012, alleging that his convictions violated several state and federal constitutional provisions.  Plaintiff's petition was ultimately dismissed by the Arkansas Supreme Court on September 26, 2013, and his motion for reconsideration was denied on November 7, 2013.  Plaintiff has now filed this lawsuit asserting that the Arkansas post conviction habeas statute, as construed by the Arkansas Attorney General and his staff, and the Arkansas Courts, violates his equal protection and due process rights.  Plaintiff named McDaniel and Harris as Defendants because of responses they filed opposing his state habeas petition.  It is clear from the complaint that McDaniel and Harris were acting in their roles as advocates for the state in a judicial proceeding.  Accordingly, McDaniel and Harris enjoy absolute immunity for their actions, and Plaintiff's complaint should be dismissed. *See Murphy v. Morris*, 849 F.2d 1101 (8th Cir. 1988) (discussing absolute immunity for various participants in judicial decision making process; state assistant attorney general entitled to absolute immunity when performing functions as advocate for state in civil rights action); cited in *Perry v. Wyatt,* ED/AR No.

5:08CV00159 (docket entry #10), *Hill v. Burl*, ED/AR No. 2:10CV00120 (docket entry #15), *Staley v. May*, ED/AR No. 5:10CV00249 (docket entry #29).  To the extent that Plaintiff believes he is being held in violation of the United States Constitution, he may pursue relief in a federal habeas corpus petition.

### III.   Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.      Plaintiff's complaint be DISMISSED WITHOUT PREJUDICE for failure to state a claim upon which relief may be granted.

2.      This dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).

3.      The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this   18   day of April, 2014.

_____
UNITED STATES MAGISTRATE JUDGE